ORIGINAL

1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
3  BARBARA J. VALLIERE (DCBN 439353)
   Chief, Criminal Division
4
   Ajay Krishnamurthy (CABN 305533)
5  Assistant United States Attorney

6  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
7  Telephone: (415) 436-7050
   FAX: (415) 436-7200
8  Ajay.krishnamurthy@usdoj.gov

9  Attorneys for United States of America

FILED
JAN 30 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CR 19 90088 MISC. TSH

| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) ) | Case No. APPLICATION |

The United States of America respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d) to require T-Mobile, a cellular service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054, to disclose subscriber information pertaining to number (415) 716-6220. The subscriber information to be disclosed is described in Attachment A to the proposed order.

**LEGAL AND FACTUAL BACKGROUND**

The United States is investigating Rain Olson Daugherty in connection with possible violations of, among other statutes 18 U.S.C. § 2113 (bank robbery). Investigation to date provides reasonable grounds to believe that T-Mobile has records and other information pertaining to certain of its subscribers that are relevant and material to an ongoing criminal investigation. Because T-Mobile functions as an electronic communications service provider (provides its subscribers access to electronic communication services, including e-mail and the Internet) and/or a remote computing service (provides

APPLICATION

computer facilities for the storage and processing of electronic communications), 18 U.S.C. § 2703 sets out particular requirements that the government must meet in order to compel disclosure of the records and other information it is seeking.

Here, the government seeks to obtain subscriber information for phone number (415) 716-6220. The records sought are more fully described in Attachment A.

A subpoena allows the government to obtain subscriber name, address, length and type of service, connection and session records, telephone or instrument number including any temporarily assigned network address, and means and source of payment information. 18 U.S.C. § 2703(c)(2). The government may also—as it has applied to do here—compel such information through an order issued pursuant to 18 U.S.C. § 2703(d). 18 U.S.C. § 2703(c)(1)(B), (c)(2).

To obtain records and other information pertaining to subscribers of an electronic communications service provider or remote computing service, the government must comply with 18 U.S.C. § 2703(c)(1), which provides, in pertinent part:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity . . .
>
> B) obtains a court order for such disclosure under subsection (d) of this section.

Section 2703(d), in turn, provides in pertinent part:

> A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. . . . A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.

Additionally, pursuant to 18 U.S.C. § 2703(a), a government entity may require the disclosure of the contents of electronic communications that are more than one hundred and eighty days old:

> (a) Contents of wire or electronic communications in electronic storage. A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic

APPLICATION

communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation. . . . . A government entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

The means available under subsection (b) above includes an order pursuant to 18 U.S.C. § 2703(d). In this case, however, the government is not seeking content from the listed account.

In accordance with 18 U.S.C. § 2703(d), this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the materials sought are relevant and material to an ongoing criminal investigation.

## VIOLATION OF LAW AND SPECIFIC FACTS

On January 10, 2019, Rain Olson Daugherty was charged by indictment with four counts of bank robbery, in violation of 18 U.S.C. § 2113(a), related to two separate bank robberies: the November 28, 2018 robbery of East West Bank in San Francisco, and the December 13, 2018 robbery of Cathay Bank in San Francisco. *United States v. Daugherty*, 18-CR-00614-WHO. He has pled not guilty to those charges.

Pursuant to a search warrant (18-MJ-71749), FBI Special Agent Gary F. Grymala obtained cell-site location data for 415-528-0415,[1] a number assigned to a cellular phone serviced by T-Mobile and used by Daugherty. This cell-site location data shows that the cellular phone described above utilized a cell tower located about one block away from Cathay Bank at 1:45 p.m on December 13, 2018. (i.e., several minutes after the robbery).

Special Agent Grzymala has informed me that, according to public records searches, an additional phone number used by Daugherty is (415) 716-6220 (the number that is the subject of this Application and Proposed Order), which is serviced by T-Mobile.

\* \* \* \*

---

[1] Subscription information obtained from T-Mobile shows that the subscriber for this number is Rain Daugherty, with an activation date of November 29, 2018. November 29, 2018 is the day after the first robbery that Daugherty is alleged to have committed.

APPLICATION

Based in part on the information described above, the government seeks this Order to obtain subscriber information from T-Mobile for (415) 716-6220.

### RECORDS SOUGHT

The government requests that T-Mobile be directed to produce all records described in Attachment A to the proposed Order. Attachment A requests the subscriber name and address; telephone connection records, if any; records of session times and duration; length of service, including start dates and types of services utilized; all subscriber numbers and identities, including screen names and user names; any temporarily assigned network address including incoming Internet Protocol addresses used to connect to the account; means and source of payment for services, including any credit card or bank account numbers; and all associated accounts for the specified accounts.

Based on SA Gryzmala's representations, I believe that the information requested should be readily accessible to T-Mobile by computer search, and its production should not prove to be burdensome.

### CONCLUSION

WHEREFORE, the United States respectfully requests that the Court grant the attached Order and direct T-Mobile to provide the United States with the subscriber information described in Attachment A.

DATED: 1/29/19

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

AJAY KRISHNAMURTHY
Assistant United States Attorney

APPLICATION

# ATTACHMENT A

**I.    The Account(s)**

The Order applies to subscriber information associated with phone number (415) 716-6220.

**II.   Records and Other Information to Be Disclosed**

T-Mobile is required to disclose the following subscriber information, if available, to the United States for phone number (415) 716-6220, for the period of inception to present:

1. Subscriber name and address;
2. Local and long distance telephone connection records, or records of session times and durations;
3. Records of session times and duration;
4. Length of service, including start dates and types of services utilized;
5. All subscriber numbers and identities, including screen names and user names;
6. Any temporarily assigned network address including incoming Internet Protocol addresses used to connect to the account;
7. Means and source of payment for services, including any credit card or bank account numbers; and
8. All associated accounts for the above-listed accounts.

DAVID L. ANDERSON (CABN 149604)
United States Attorney
APPLICATION